# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EUGENE E. GLOVER, JR.,

      Plaintiff,

      v.                                                                                   Case No. 09-C-1038

HOUSE OF CORRECTIONS, SUPERINTENDENT MOORE,
UNKNOWN (NURSE), ARAMARK FOOD SERVICE, and
FOOD SERVICE SUPERVISOR LULU RANDOLPH,

      Defendants.

ORDER VACATING FEBRUARY 17, 2010, ORDER DISMISSING CASE, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DOC. #2) AND SCREENING PLAINTIFF'S COMPLAINT

      This case was dismissed for failure to prosecute on February 17, 2010, because the docket indicated that the plaintiff had not paid the required initial partial filing fee. It now has come to the court's attention that the plaintiff's initial partial filing fee was received by the court on December 14, 2009, but it was not docketed in this case. Hence, the dismissal order must be vacated and because the plaintiff has been assessed and paid an initial partial filing fee the plaintiff's motion for leave to proceed *in forma pauperis* and for screening of the plaintiff's complaint must be considered.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In December 2006, the plaintiff was incarcerated at the House of Corrections in Franklin, Wisconsin, and working in the North Kitchen under the supervision of defendant Lulu Randolph, the Food Service Supervisor. Defendant Moore was the Superintendent of the Milwaukee County House of Correction, and Aramark was the designated food supplier and oversaw all food preparations. According to the plaintiff, Randolph was responsible for all operations at the North Kitchen, including supervision of inmate workers.

On or about December 11, 2006, while working, the plaintiff was cleaning a food warmer cart. The plaintiff pulled the cart backwards, and he slipped over a water retainer wall that was about a foot high. His foot went under the cart, and he sustained injuries to his toe and elbow.

The plaintiff was taken to health services, where an unknown nurse told the plaintiff that there was nothing that could be done and that his toe would heal in time. The nurse also gave the plaintiff ibuprofen.

The plaintiff submits that Superintendent Moore, the unknown nurse, and Randolph were deliberately indifferent to his safety. He contends that the retainer wall was a safety hazard and that working in unsafe conditions contributed to his injury. The plaintiff adds that he was denied his right to x-rays and proper medical treatment in violation of the Eighth Amendment. He maintains that he complained of a possible fractured or broken toe, and it was evident that the plaintiff was injured, but was told there was nothing that could be done. The plaintiff gave the injury time to heal, but he still experiences pain in his toe.

The plaintiff seeks monetary compensation for his pain and suffering. He also asks for an order directing the House of Corrections to make that area safe by removing the foot-high wall that serves no purpose.[1]

Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are unnecessary at this early stage, although a plaintiff must provide "the grounds of his entitlement to relief" so as to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Despite the modest pleading requirements of Rule 8, plaintiffs are often tempted to allege more than is necessary. By doing so, a plaintiff runs the risk of pleading himself out of court unintentionally by including facts that preclude recovery. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).

---

[1] The plaintiff is now incarcerated at Chippewa Valley Correctional Treatment Facility, so any claims for injunctive relief are moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

3

*Farmer v. Brennan*, 511 U.S. 825 (1994) teaches that a "prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828 (internal quotation omitted). A claim of deliberate indifference includes an objective component and a subjective component. First, the risk must be objectively serious, "one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004); *see Farmer*, 511 U.S. at 832-34. Second, prison officials must have known of and disregarded the "excessive" risk of harm to the inmate. *Farmer*, 511 U.S. at 832-37. Negligence alone will not satisfy the requirements of deliberate indifference. *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Consequently, negligence is not actionable under 42 U.S.C. § 1983 complaining about the infliction of cruel and unusual punishment. *Thomas v. Farley*, 31 F.3d 557, 558 (7th Cir. 1994); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1429 (7th Cir. 1996).

The plaintiff suggests that the one-foot water retainer wall is such a hazard that it is deliberate indifference for it to still be standing in the north kitchen. He has pled himself out of court by saying too much. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (citing *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)). A plaintiff can plead himself out of court by presenting facts showing that he has no viable claim, even though he was not required to offer those facts. *Jackson*, 66 F.3d at 153. "Allegations in a complaint are binding admissions, and admissions can of course admit the admitter to the exit from the federal courthouse." *Id.* at 153-54 (internal citations omitted).

4

Under the circumstances alleged, the mere existence of the retainer wall simply could not create a substantial risk of serious harm. The fact that the plaintiff tripped suggests that it posed some risk, but not enough to invoke the Eighth Amendment. *Cf. Buss*, 384 F.3d at 882 ("A 'protrusive lip' on a softball field, even if hazardous when a ball hits it in a certain way, does not amount to a condition objectively serious enough to implicate the Eighth Amendment."); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment.") (internal quotation marks and citation omitted).

The same is true for the plaintiff's medical claim. Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus is proscribed by the Eighth Amendment. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002) (citing *Estelle*, 429 U.S. at 104-05). This is the case "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05.

It is not clear that the plaintiff's injury, treated solely with ibuprofen, was a serious medical need. Even if it was, disagreement with medical professionals about treatment needs does not state a cognizable Eighth Amendment claim under the deliberate indifference standard of *Estelle v. Gamble*, 429 U.S. 97 (1976). *Ciarpaglini*, 352 F.3d at 331. All the plaintiff avers is that he did not like the course of treatment given by the unknown nurse after she saw him after his fall. Her choice not to pursue x-rays or additional treatment at that time reflects the decision of a medical professional regarding

5

the plaintiff's injury. The nurse treated the plaintiff, which undermines his claim of deliberate indifference. While a plaintiff may state an Eighth Amendment medical care claim even where he has received some treatment, the treatment received must be "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" his condition. *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (quoting *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)). Here, the plaintiff simply does not like the treatment he received. *See Ciarpaglini*, 352 F.3d at 331. Therefore,

IT IS ORDERED that the court's February 17, 2010, Order Dismissing Case (Docket #6) is VACATED.

IT IS FURTHER ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

IT IS FURTHER ORDERED that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $315.37 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the

6

Case 2:09-cv-01038-CNC    Filed 03/15/10    Page 6 of 7    Document 7

amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bona fide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 15th day of March, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE